1  MAXIMILIEN D. FETAZ, ESQ., NV Bar No. 12737
   mfetaz@bhfs.com
2  MADYSON B. BATHKE, ESQ., NV Bar No. 16192
   mbathke@bhfs.com
3  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
4  Las Vegas, NV 89106-4614
   Telephone: 702.382.2101
5  Facsimile: 702.382.8135

6  *Attorney for Walter Clark*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| WALTER CLARK | CASE NO. 2:22-cv-01260-APG-EJY |
|---|---|
| *Plaintiff,* | **STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES** |
| v. | |
| STATE OF NEVADA, ET AL., | **(SECOND REQUEST)** |
| *Defendants.* | |

Plaintiff Walter Clark ("Plaintiff"), by and through his undersigned counsel of record, and Defendants Lansen De Costa, Salvatore Marino and Calvin Johnson ("Defendants" together with Plaintiff, the "Parties"), by and through their undersigned counsel of record, hereby stipulate to extend the discovery in Scheduling Order (ECF No. 41), as set forth below:

**I.   PROCEDURAL POSTURE**

1. Plaintiff filed his Second Amended Complaint on September 30, 2024. ECF No. 37.

2. Defendants filed their Answer on October 21, 2024. ECF No. 38.

3. Under FRCP 26(f) and LR 26-1(a), the Parties conferred via telephone, later submitting a joint proposed discovery plan and scheduling order. *See* ECF No. 40.

4. This Court adopted the Parties' proposal, entering the governing scheduling order ("Scheduling Order") on December 3, 2024. ECF No. 41.

5. The Scheduling Order sets forth the following discovery deadlines:

   a. Initial disclosures: December 12, 2024

   b. Amend pleadings/add parties: January 20, 2025

33536631.2

- 1 -

1        c.    Expert disclosures: February 17, 2025

2        d.    Rebuttal expert disclosures: March 19, 2025

3        e.    Discovery cutoff: April 18, 2025

4        f.    Dispositive motions: May 19, 2025

5        g.    Joint pretrial order: June 18, 2025

6        h.    Pursuant to LR 26-6, the Parties hereby respectfully request that the remaining deadlines be extended by three months for the reasons outlined below.

**II.     STATUS OF DISCOVERY**

6.    The Parties made their initial disclosures in December 2024, pursuant to FRCP 26(a)(1)(A).

7.    The Parties have been reviewing the initial disclosures, but the review is ongoing.

**III.    REMAINING DISCOVERY TO BE COMPLETED**

8.    The remaining discovery in this action includes

      a.    Written discovery, including FRCP 33 interrogatories, FRCP 34 requests for production, and FRCP 36 requests for admission on all Parties, and any follow up as needed or necessary;

      b.    Potential fact depositions;

      c.    FRCP 45 document subpoenas to third parties with relevant knowledge of Plaintiff's claims, allegations, and damages as well as Defendants' defenses;

      d.    Potential third party depositions; and,

      e.    Preparation of supplemental responses to written discovery and supplemental disclosure statements, as necessary.

9.    This summary of discovery completed and remaining is not intended to be limiting but is to set forth to advise the Court of the remaining discovery that is anticipated in this matter in accordance with L.R. 26-3.

**IV.    REASONS THE PARTIES REQUEST AN EXTENSION**

10.   Plaintiff's counsel faced challenges speaking to their client in the early months of litigation.

11.    According to staff at High Desert State Prison (where Plaintiff was housed), Plaintiff's counsel were unable to schedule phone calls due to a change in prison policy.

12.    On February 27, 2025, Plaintiff's counsel were able to speak to the Plaintiff.

13.    Plaintiff indicated that he had been transferred to a different facility, and this new facility permits attorneys to schedule calls with their clients.

14.    The inability to discuss certain matters with the Plaintiff has delayed the document review process, as well as the written discovery and deposition plans.

15.    Most recently, due to departures in their office, counsel for Plaintiff have been working diligently to respond to other matters that required their immediate attention.

16.    Counsel for Plaintiffs are currently working with another associate in their office to get them up to speed on the file.

## V. **REQUESTED EXTENSION**

17.    A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

18.    A stipulation "to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline" and "must be supported by a showing of good cause." LR 26-3.

19.    LR IA 6-1 provides that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted."

20.    There is good cause to extend the discovery deadlines in this matter given (a) the difficulties Plaintiff's counsel have faced trying to speak to the Plaintiff, (b) the need for written discovery, and (c) the need to conduct depositions if they become necessary based on the written discovery responses.

21.    This is the second request for an extension of the discovery deadlines.

22.    This stipulation is submitted well before the 21-day deadline under LR 26-3 to extend the deadline for the close of discovery.

23. Because all Parties stipulate to this requested extension, no Party will be prejudiced by extending discovery as requested.

24. Nor is this stipulation made with undue delay, dilatory motive, or bad faith.

25. Based on the foregoing, Plaintiff and Defendant stipulate that the discovery deadlines be extended by three months, with the new deadlines to be as follows[1]:

    a. Discovery cutoff: August 18, 2025

    b. Dispositive motions: September 16, 2025

    c. Joint pretrial order: October 17, 2025

**IT IS SO STIPULATED.** DATED

this 13th day of May, 2025.        DATED this 13th day of May, 2025.

*/s/ Maximilien D. Fetaz*       */s/ Nathan M. Claus*
Maximilien D. Fetaz, Esq.       Aaron D. Ford, Esq.
Madyson B. Bathke, Esq.       Attorney General
BROWNSTEIN HYATT FARBER       Nathan M. Claus, Esq.
SCHRECK, LLP       Deputy Attorney General
100 North City Parkway, Suite 1600       STATE OF NEVADA
Las Vegas, NV 89106-4614       OFFICE OF THE ATTORNEY GENERAL
     555 E. Washington Ave., Ste. 3900
*Attorneys for Plaintiff Walter Clark*       Las Vegas, NV 89101
     Telephone: (702) 486-7629
     Facsimile: (702) 486-3773

     *Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:** May 13, 2025

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Dates falling on the weekend or a holiday have been moved to the following business day.