MAXIMILIEN D. FETAZ, ESQ., NV Bar No. 12737
mfetaz@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorney for Walter Clark*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WALTER CLARK<br><br>*Plaintiff,*<br><br>v.<br><br>STATE OF NEVADA, ET AL.,<br><br>*Defendants.* | CASE NO. 2:22-cv-01260-APG-EJY<br><br>**STIPULATION AND [PROPOSED]<br>ORDER TO EXTEND DISCOVERY<br>DEADLINES**<br><br>**(FOURTH REQUEST)** |

Plaintiff Walter Clark ("Plaintiff"), by and through his undersigned counsel of record, and Defendants Lansen De Costa, Salvatore Marino and Calvin Johnson ("Defendants" together with Plaintiff, the "Parties"), by and through their undersigned counsel of record, hereby stipulate to extend the discovery in Scheduling Order (ECF No. 41), as set forth below:

**I.  PROCEDURAL POSTURE**

1. Plaintiff filed his Second Amended Complaint on September 30, 2024. ECF No. 37.

2. Defendants filed their Answer on October 21, 2024. ECF No. 38.

3. Under FRCP 26(f) and LR 26-1(a), the Parties conferred via telephone, later submitting a joint proposed discovery plan and scheduling order. *See* ECF No. 40.

4. This Court adopted the Parties' proposal, entering the governing scheduling order ("Scheduling Order") on December 3, 2024. ECF No. 41.

5. The parties then stipulated to extend the discovery deadlines and the Court entered its Order on May 13, 2025. ECF No. 48.

35154856

1    6.   The parties most recently stipulated to extend the discovery deadlines on August 12,
2    2025, and the Court entered its Order.  ECF No. 50.
3    7.   The Order set forth the following discovery deadlines:
4         a.   Discovery cutoff: November 18, 2025
5         b.   Dispositive motions: December 15, 2025
6         c.   Joint pretrial order: January 15, 2025
7    8.   Pursuant to LR 26-6, the Parties hereby respectfully request that the remaining
8    deadlines be extended by three months for the reasons outlined below.

## II.   STATUS OF DISCOVERY

1.   The Parties made their initial disclosures in December 2024 pursuant to FRCP 26(a)(1)(A).

2.   Plaintiff served his First Set of Interrogatories to Defendant Lansen De Costa on July 16, 2025.

3.   Plaintiff served his First Set of Interrogatories to Defendant Salvatore Marino on July 16, 2025.

4.   Plaintiff served his First Set of Requests for Production of Documents to Defendant Lansen De Costa on July 16, 2025.

5.   Plaintiff served his First Set of Requests for Production of Documents to Defendant Salvatore Marino on July 16, 2025.

6.   Plaintiff served his First Set of Requests for Admissions to Defendant Lansen De Costa on July 16, 2025.

7.   Plaintiff served his First Set of Requests for Admissions to Defendant Salvatore Marino on July 16, 2025.

## III.  REMAINING DISCOVERY TO BE COMPLETED

1. The remaining discovery in this action includes
   a. Written discovery, including FRCP 33 interrogatories, FRCP 34 requests for production, and FRCP 36 requests for admission on all Parties, and any follow up as needed or necessary;

Brownstein Hyatt Farber Schreck, LLP
Attorneys at Law
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

35154856

      b.   Potential fact depositions;

      c.   FRCP 45 document subpoenas to third parties with relevant knowledge of Plaintiff's claims, allegations, and damages as well as Defendants' defenses;

      d.   Potential third party depositions; and,

      e.   Preparation of supplemental responses to written discovery and supplemental disclosure statements, as necessary.

2. This summary of discovery completed and remaining is not intended to be limiting but is to set forth to advise the Court of the remaining discovery that is anticipated in this matter in accordance with L.R. 26-3.

## IV. REASONS THE PARTIES REQUEST AN EXTENSION

1. Plaintiff's counsel faced challenges speaking to their client in the early months of litigation.

2. According to staff at High Desert State Prison (where Plaintiff was housed), Plaintiff's counsel were unable to schedule phone calls due to a change in prison policy.

3. On February 27, 2025, Plaintiff's counsel were able to speak to the Plaintiff.

4. Plaintiff indicated that he had been transferred to a different facility, and this new facility permits attorneys to schedule calls with their clients.

5. The inability to discuss certain matters with the Plaintiff has delayed the document review process, as well as the written discovery and deposition plans.

6. Additionally, due to additional departures in their office, counsel for Plaintiff have been working diligently to respond to other matters that required their immediate attention.

7. Additional associates joined Plaintiff's firm this month, and counsel for Plaintiff has staffed the matter with a new associate in their office. The additional time requested herein will allow the new associate to get up to speed on the file.

8. Most recently, the August 2025 cyber-attacks against the State of Nevada resulted in the State being unable to access files needed to respond to Plaintiff's discovery requests. Both Plaintiff and the State have worked diligently and cooperated to account for this unexpected disruption.

- 3 -

35154856

## V. **REQUESTED EXTENSION**

1. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2. A stipulation "to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline" and "must be supported by a showing of good cause." LR 26-3.

3. LR IA 6-1 provides that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted."

4. There is good cause to extend the discovery deadlines in this matter given (a) the difficulties Plaintiff's counsel have faced trying to speak to the Plaintiff, (b) the need for written discovery, (c) the recent departures at Plaintiff's counsel's firm, (d) the August 2025 cyber-attacks against the State of Nevada, and (e) the need to conduct depositions if they become necessary based on the written discovery responses.

5. This is the fourth request for an extension of the discovery deadlines.

6. Because all Parties stipulate to this requested extension, no Party will be prejudiced by extending discovery as requested.

7. Nor is this stipulation made with undue delay, dilatory motive, or bad faith.

8. Based on the foregoing, Plaintiff and Defendant stipulate that the discovery deadlines be extended by three months, with the new deadlines to be as follows[1]:

    a. Discovery cutoff: February 16, 2026

    b. Dispositive motions: March 16, 2026

///

///

///

///

---

[1] Dates falling on the weekend or a holiday have been moved to the following business day.

35154856

     c. Joint pretrial order: April 15, 2026

**IT IS SO STIPULATED.**

DATED this 29th day of September, 2025.      DATED this 29th day of September, 2025.

_/s/ Maximilien D. Fetaz_                    _/s/ Nathan M. Claus_
Maximilien D. Fetaz, Esq.                Aaron D. Ford, Esq.
BROWNSTEIN HYATT FARBER      Attorney General
SCHRECK, LLP                            Nathan M. Claus, Esq.
100 North City Parkway, Suite 1600    Deputy Attorney General
Las Vegas, NV 89106-4614             STATE OF NEVADA
                                       OFFICE OF THE ATTORNEY GENERAL
_Attorneys for Plaintiff Walter Clark_    555 E. Washington Ave., Ste. 3900
                                       Las Vegas, NV 89101
                                       _Attorneys for Defendants_

**IT IS SO ORDERED**.

**DATED:** September 29, 2025

_[signature]_
UNITED STATES MAGISTRATE JUDGE

35154856